UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REPUBLIC MAXIMAL LLC, et al., <br><br> Plaintiffs, <br><br> v. <br> ROMULUS CAPITAL PARTNERS II, LLC, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 22-cv-10429-MLW <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER

WOLF, D.J.                                              January 18, 2024

Plaintiffs Republic Maximal LLC ("Republic"), Republic Master Fund, LP ("Republic Master Fund"), and more than 20 Special Purpose Vehicles ("SPVs") created under Republic Master Fund, filed a Complaint against defendants Romulus Capital Partners II, LLC ("Romulus"), Romulus EquipmentShare Growth LP (the "Series A Fund"), Athena 2, Inc. ("Athena"), SNC 1 LLC ("SNC"), Apollo1 Inc. ("Apollo"), Romulus EquipmentShare Growth II LP (the "Growth II Fund"), RC Equipment Share Growth VI LP (the "Growth VI Fund"), and Neil Chheda ("Chheda"). See Complaint (Dkt. No. 1). In this memorandum, the court adopts the parties' practice of referring to defendants Athena, SNC, and Apollo as "the Transferors," and of

referring to defendants Romulus, Chheda, the Series A Fund, the Growth II Fund, and the Growth VI Fund as the "Romulus Defendants."

The Complaint includes two federal claims alleging violations of the Securities and Exchange Act (the "Exchange Act"), and eleven state law claims. See Complaint ¶¶199-313. With regard to the federal claims, plaintiffs allege that Romulus and Chheda violated §10(b) of the Exchange Act and Securities and Exchange Commission Rule 10b-5. Id. ¶¶264-269. They also allege that Chheda alone violated §20(A) of the Exchange Act. Id. ¶¶270-273.

As there is not diversity of citizenship between the parties to establish jurisdiction pursuant to 28 U.S.C. §1332, see Complaint ¶¶5-17, plaintiffs rely solely on federal question jurisdiction under 28 U.S.C. §1331 in bringing their claims in this court, see id. ¶18. The court may only exercise supplemental jurisdiction over plaintiffs' state law claims if they "form part of the same case or controversy" as plaintiffs' federal claims. 28 U.S.C. §1367.

The Transferors and the Romulus Defendants have each moved to dismiss all claims against them (Dkt. Nos. 21, 26), which plaintiffs oppose (Dkt. Nos. 32, 33). The First Circuit has held that when a district court dismisses all federal claims in an action, "it is an abuse of discretion for [it] to retain jurisdiction over the remaining pendent state law claims unless doing so would serve 'the interests of fairness, judicial economy,

2

convenience, and comity.'" Wilber v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017) (quoting Desjardins v. Willard, 777 F.3d 43, 45-46 (1st Cir. 2015)); see also Rossi v. Gemma, 489 F.3d 26, 39 (1st Cir. 2007) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit ... will trigger the dismissal without prejudice of any supplemental state-law claims."). Therefore, if the court allows the Romulus Defendants' Motion to Dismiss plaintiffs' federal claims, it will probably be necessary to dismiss plaintiffs' remaining state law claims without prejudice for lack of subject matter jurisdiction. See Wilber, 872 F.3d at 23; cf. Romulus Defendants' Motion to Dismiss, at 1-2 (Dkt. No. 26).

A hearing on defendants' motions to dismiss was scheduled for October 4, 2023 (Dkt. No. 38). The court was required to cancel this hearing (Dkt. No. 39). Plaintiffs recently filed a Motion to Commence Limited Initial Discovery (Dkt. No. 40), in which they state that they are "eager for an opportunity to move their case forward." Id. at 4.

The court has decided to bifurcate the hearing on defendants' motions to dismiss. The court will first hold a hearing on the Romulus Defendants' Motion to Dismiss Count VI and Count VII of the Complaint, the only federal claims in this case. If the Romulus Defendants' Motion to Dismiss one or both of the federal claims is denied, the court will schedule a second hearing on the motions to

dismiss plaintiffs' state law claims. It is not appropriate to allow discovery until it is decided whether the court has jurisdiction.

In view of the foregoing, it is hereby ORDERED that:

1. A hearing on the Romulus Defendants' Motion to Dismiss Count VI and Count VII of the Complaint (Dkt. No. 26) shall be held at 11:00 a.m. on February 2, 2024. Counsel for all parties shall attend the hearing.

2. Plaintiffs' Motion to Commence Limited Initial Discovery (Dkt. No. 40) is DENIED without prejudice.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE