**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REPUBLIC MAXIMAL LLC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROMULUS CAPITAL PARTNERS, II, LLC, *et al.*,<br><br>*Defendants*. | Civil Action No.: 1:22-cv-10429 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ROMULUS DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Plaintiffs Republic Maximal LLC ("Republic"), Republic Master Fund, LP ("Republic Master Fund"), EquipmentShare Growth One, LP, EquipmentShare Growth Two, LP, EquipmentShare Growth Three, LP, EquipmentShare Romulus Close Two, LP, EquipmentShare Secondary One, LP, EquipmentShare Secondary Two, LP, EquipmentShare Secondary Three, LP, EquipmentShare Secondary 2020, LP, EquipmentShare Secondary II, LP, EquipmentShare Secondary III, LP, EquipmentShare Qualified 2020, LP, EquipmentShare Qualified 2020 II, LP, EquipmentShare Qualified 2020 III, LP, and EquipmentShare Qualified 2020 IV, LP, (collectively, with Republic and Republic Master Fund, "Plaintiffs")[1], by and through undersigned

[1] On March 20, 2024, Plaintiffs EquipmentShare 2020 One, LP, EquipmentShare 2020 Two, LP, EquipmentShare 2020 Three, LP, EquipmentShare 2020 Four, LP, EquipmentShare 2020 Five, LP, EquipmentShare 2020 Six, LP, EquipmentShare 2020 Seven, LP, EquipmentShare 2020 Eight, LP, EquipmentShare 2020 Gaingels, LP, and EquipmentShare SAFE 1.7, LP (the "Monitoring Fee Plaintiffs") voluntarily dismissed *without prejudice* their claims against Romulus EquipmentShare Growth L.P., Romulus EquipmentShare Growth II L.P. and RC EquipmentShare Growth VI L.P. *See* ECF No. 66. The Monitoring Fee Plaintiffs have not asserted claims against the remaining defendants.

counsel, hereby respond to the Romulus Defendants' Motion to Certify Order for Interlocutory Appeal (ECF No. 69) ("Motion"), and in support state as follows:

## I. INTRODUCTION

In a transparent attempt to stave off discovery of the documents and communications evidencing their civil conspiracy to defraud Plaintiffs, defendants Romulus Capital Partners II, LLC and Neil Chheda (collectively, "Romulus Defendants") ask this Court to certify an interlocutory appeal of the denial of their motion to dismiss Plaintiffs' federal securities fraud claims. Specifically, the Romulus Defendants ask this Court to certify the question of whether Plaintiffs can "as a matter of law, establish reasonable reliance on alleged misrepresentations not contained" within the four corners of "integrated agreements . . . expressly disclaiming reliance on extracontractual representations."[2] The Motion should be denied for two separate and independent reasons.

*First*, no substantial ground for a difference of opinion on that question exists because the First Circuit's decision in *Rogen v. Ilikon Corp.*, 361 F.2d 260 (1st Cir. 1966), is dispositive of the question as this Court correctly recognized in its ruling. All but conceding that point, the Romulus Defendants attempt to fabricate a substantial ground for difference of opinion relying on decisions from other Circuits and the length of time *Rogen* has remained the law in this Circuit. But the Romulus Defendants offer no authority for their bold request that this Court certify a question that the First Circuit has already answered. None exists.

*Second*, the requested interlocutory appeal will not advance the ultimate termination of this litigation because Plaintiffs intend to move to amend their complaint to add allegations detailing fraudulent misrepresentations by the Romulus Defendants contained within the Transfer

[2] Mot. at ¶ 2.

Agreements.[3] In each of those contracts, the Romulus Defendants falsely represented to Plaintiffs that the Transferor was an original limited partner that subscribed to the Series A Fund. Accordingly, even if the Romulus Defendants were to prevail on the interlocutory appeal they seek, Plaintiffs' federal securities fraud claims will survive because the fraudulent misrepresentations in the Transfer Agreements are unaffected by any disclaimer of reliance. The Motion should be denied.

## II. APPLICABLE STANDARD

This Court may certify an issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) if it (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Caraballo-Seda v. Municipality Of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (quoting 28 U.S.C. § 1292(b)). All three statutory criteria must be satisfied for certification. *See, e.g., S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, CV 15-13069-PBS, 2016 WL 3064054, at *3 (D. Mass. May 31, 2016). But even where all three criteria are satisfied, this Court has "independent and 'unreviewable' authority to deny certification." *United States v. Sampson*, 58 F. Supp. 3d 136, 145 (D. Mass. 2012) (Wolfe, J.) (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 145–46 (E.D.N.Y. 1999)).

The First Circuit has "repeatedly emphasized that 'interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and **only in exceptional circumstances**, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" *Caraballo-Seda*, 395 F.3d at 9 (quoting *Palandjian v. Pahlavi*, 782

[3] Undefined capitalized terms have the same meaning ascribed to them in the Complaint.

F.2d 313, 314 (1st Cir.1986)) (emphasis added). As a general rule, the First Circuit does "not normally allow an appeal from a denial of a motion to dismiss." *McGillicuddy v. Clements*, 746 F.2d 76 n.1 (1st Cir. 1984).

The Romulus Defendants therefore bear "the heavy burden of persuading the court that exceptional circumstances warrant 'departure from the basic policy of postponing appellate review until after entry of final judgment.'" *In re Clark–Franklin–Kingston Press, Inc., C.A*. 90–11231–WF, 1993 WL 160580, *2 (D. Mass. 1993) (quoting *Bank of New York v. Hoyt*, 108 F.R.D. 184, 190 (D.R.I.1985)). The "fact that the case has 'tremendous implications' or 'might materially advance the ultimate termination of the litigation'" is not enough. *Caraballo-Seda*, 395 F.3d at 9 (quoting *Slade v. Shearson, Hammill & Co*., Inc., 517 F.2d 398, 400 (2d Cir. 1974)). Interlocutory certification is only available in this Circuit for a question of law "**not settled by controlling authority.**" *Id.* (emphasis added).

## III. ARGUMENT

The Romulus Defendants ask this Court to certify the following issue for interlocutory appeal:

> "Whether, in an action for securities fraud under Section 10(b) of the Securities Exchange Act of 1934, sophisticated plaintiffs who signed integrated agreements containing certain specific representations among the parties and expressly disclaiming reliance on extracontractual representations cannot, as a matter of law, establish reasonable reliance on alleged misrepresentations not contained in the agreements."[4]

Their Motion should be denied for at least two reasons. *First*, no substantial ground for difference of opinion exists because the question is settled by the First Circuit's decision in *Rogen*. *Second*,

[4] Mot. at ¶ 2.

an immediate appeal will not advance the ultimate termination of this litigation because the Transfer Agreements contain fraudulent misrepresentations by Romulus.

**A. There Is No Substantial Ground for Difference of Opinion Because the First Circuit Has Already Settled the Question Presented for Certification**

District courts in this Circuit have consistently held that no substantial grounds for a difference of opinion can exist if the First Circuit has already addressed the issue. *See United Air Lines, Inc. v. Gregory*, 716 F. Supp. 2d 79, 92 (D. Mass. 2010) (finding no substantial ground for difference of opinion where the relevant standard was "was-settled in the First Circuit"); *Dahl v. Bain Capital Partners, LLC*, 983 F. Supp. 2d 185, 188 (D. Mass. 2013) (same).

The First Circuit squarely decided the question presented by the Romulus Defendants' Motion in *Rogen*. 361 F.2d at 268. In *Rogen*, the plaintiff appealed the district court's grant of summary judgment in favor of the defendant on federal securities fraud claims. *Id*. at 261. The district court held that the plaintiff could not establish reasonable reliance as a matter of law because the plaintiff expressly disclaimed reliance on any representations or nondisclosure by the defendants. *Id*. at 267-68. The First Circuit reversed the entry of summary judgment for two reasons. First, the court held that the disclaimer of reliance in the contract did not, as a matter of law, foreclose the possibility that the plaintiff could establish reliance at trial. *Id*. at 268. Second, the court explained that a ruling that a contractual disclaimer of reliance forecloses a federal securities fraud claim as a matter of law would conflict with Section 29(a) of the Securities Act of 1934 (the "Act"), which prohibits any purported contractual waiver of the duty to comply with the Act. *Id*.

This Court relied on *Rogen* and Section 29(a) of the Act to correctly rule that the reliance disclaimers in the Transfer Agreements do not, as a matter of law, foreclose Plaintiffs from establishing reliance on the Romulus Defendants' fraudulent misrepresentations.[5]

All but conceding that the First Circuit decided the issue in *Rogen*, the Romulus Defendants advance three arguments for finding a substantial ground for difference of opinion despite *Rogen*. *First*, they emphasize that there is a split among the Circuits because the Second, Seventh, and D.C. Circuits decided the issue differently. *Second*, the Romulus Defendants argue that there is "tension" between *Rogen* and the First Circuit's subsequent decisions in *Jackvony v. RIHT Fin. Corp.*, 873 F.2d 411 (1st Cir. 1989), and *Kennedy v. Josephthal & Co.*, Inc., 814 F.2d 798 (1st Cir. 1987). *Third*, the Romulus Defendants argue that the First Circuit has not "had occasion" to reconsider Rogen for 35 years. None of these arguments have merit.

The fact that *other* Circuits are divided on an issue is not a substantial ground for difference of opinion for purposes of 28 U.S.C. § 1292(b) where, as here, the controlling Circuit has already addressed the issue.[6] *U.S. ex rel. LaValley v. First Nat. Bank of Boston*, CIV. A. 86-236-WF, 1990 WL 112285, at *6 (D. Mass. July 30, 1990) (Wolf, J.) (denying motion for certify interlocutory appeal because of the existence of persuasive precedent of a similar issue from the First Circuit); *Skinner v. Salem Sch. Dist.*, 718 F. Supp. 2d 186, 194 (D.N.H. 2010) (finding that there was no substantial ground for difference of opinion where First Circuit had addressed issue, despite fact

[5] Feb. 28, 2024 Hr'g Tr. 13:16-14:1.

[6] Nor is the First Circuit's position an outlier among the Circuits, indicating a low possibility that the court would reverse its position. The Sixth Circuit sided with the First and Third Circuit in holding that execution of a contract containing a non-reliance clause does not automatically foreclose the opportunity of recovery based on deceit. *See Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 921 (6th Cir. 2007) ("To erect a per se rule with respect to non-reliance clauses would undermine the essential point of undertaking a contextual analysis, and we do not choose to adopt such a blanket rule now").

that the question divided the federal circuit courts of appeal). Not surprisingly, the Romulus Defendants do not cite a single case where a district court certified an issue for interlocutory appeal even though the First Circuit had already decided it. *See, e.g., United States v. Sampson*, 58 F. Supp. 3d 136, 150 (D. Mass. 2012) (Wolf, J.) (finding "substantial ground for difference of opinion" because of "the lack of binding First Circuit authority concerning [issues set for interlocutory appeal]"); *Simmons v. Galvin*, CV 01-11040-MLW, 2008 WL 11456109, at *2 (D. Mass. Jan. 16, 2008) (Wolf, J.) (First Circuit had not addressed the issue presented).[7] As this Court stated in *LaValley*, "[t]he existence of persuasive precedent from the Court of Appeals for the First Circuit, combined with the exceptional nature of § 1292(b) certification, suggests that this court should not be bashful about refusing to find substantial reason to question its ruling of law." 1990 WL 112285, at *5 (internal quotations and alterations omitted). That logic remains sound.

The Romulus Defendants' next argument—that "tension" exists between *Rogen* and the subsequent decisions in *Jackvony* and *Kennedy*—fares no better. *Jackvony* involved an appeal from a directed verdict, allowing the First Circuit to consider all of the evidence of reliance presented at trial and reach a conclusion based upon multiple factors, not just the presence of a contractual disclaimer of reliance. 873 F.2d at 416-17. It does not conflict with the pronouncement

[7] *See also S. Orange Chiropractic Ctr., LLC*, 2016 WL 3064054, at *3 (denying motion to certify order on motion to dismiss for interlocutory appeal); *LaValley*, 1990 WL 112285, at *6 (denying motion to certify where First Circuit had ruled on similar issue, despite contrary opinions from district courts in other circuits); *Vimar Seguros Y Reaseguros, S.A. v. M/V Sky Reefer*, CIV. A. 91-13345 WF, 1993 WL 137483, at *5 (D. Mass. Apr. 19, 1993) (Wolf, J.) (denying motion to certify order despite even though the Court of Appeals for the First Circuit has not yet decided this issue); *Waters v. Day & Zimmermann NPS, Inc.*, CV 19-11585-NMG, 2020 WL 4754984, at *3 (D. Mass. Aug. 14, 2020) (granting motion to certify order for interlocutory appeal where no Circuit Court of Appeals had yet addressed question); *Zurich Am. Ins. Co. v. Med. Properties Tr., Inc.*, 88 F.4th 1029, 1032 (1st Cir. 2023) (holding that issue had to be certified to Massachusetts Supreme Judicial Court in light of the lack of controlling precedent); *Baker v. Smith & Wesson, Corp.*, 3:19-cv-30008-MGM (D. Mass Nov. 24, 2021) (ECF No. 130) (granting motion for leave to appeal based on lack of legal guidance from the First Circuit).

in *Rogen* that a disclaimer of reliance does not, on its own, foreclose reliance as a matter of law. *Kennedy* is also in harmony with *Rogen*. In *Kennedy*, the First Circuit articulated multiple factors to consider in evaluating the fact issue of reasonable reliance on a case-by-case basis. 814 F.2d at 804. Integral to the court's decision in *Kennedy* was the fact that the alleged extracontractual misrepresentation directly contradicted the parties' written agreement. *Id*. at 805. The misrepresentation and omissions alleged in *Rogen* did not. Nor do the misrepresentations Plaintiffs allege here. Moreover, as this Court noted during the hearing on the Romulus Defendants' motion to dismiss, the decisions in *Jackvony* and *Kennedy* do not mention Section 29(a) of the Exchange Act and its implications.[8]

The Romulus Defendants' last argument is, if anything, an argument for denying their Motion. That *Rogen* has remained the controlling law of this Circuit for decades does not create a substantial ground for difference of opinion on the issue. On the contrary, it means that the law of this Circuit on the question the Romulus Defendants seek to certify has been settled *for many years*. Because of that, the Romulus Defendants have not met – *and cannot meet* – their heavy burden of showing a substantial ground for difference of opinion on the issue they ask this Court to certify. Their Motion must be denied accordingly. *See* 28 U.S.C. § 1292(b); *S. Orange Chiropractic Ctr.,* 2016 WL 3064054, at *3.

**B. Reversal of *Rogen* Will Not Terminate This Litigation Because Plaintiffs Intend to Amend Their Complaint with Allegations of Fraudulent Misrepresentations by the Romulus Defendants Within Each of The Transfer Agreements**

The Romulus Defendants argue that interlocutory certification is warranted because *if* the First Circuit reconsiders and ultimately abandons the principle of law it articulated in *Rogen*, there

[8] Hr'g Tr. at 14:2-6.

will be an "enormous savings of time for the district court and time and expense for the litigants."[9] The Romulus Defendants are mistaken. Allowing an interlocutory appeal will only prolong this action and add time and expense for all parties involved.

The Romulus Defendants' argument rests on their assumption that "reversal on the proposed question of law would require dismissal [of Plaintiffs' federal securities fraud claims]."[10] Not so. Regardless of the outcome of this Motion, Plaintiffs intend to file a motion to amend their Complaint by the April 29, 2024 deadline established by this Court for the specific and discrete purpose of adding allegations of specific fraudulent misrepresentations by the Romulus Defendants and the Transferor Defendants within the four corners of each of the Transfer Agreements.[11] Specifically, each of the Transfer Agreements contains the false representation by the Romulus Defendants and the Transferors that "the Transferor is a Limited Partner **with a Subscription to the Partnership**[.]" (emphasis added).[12] This false representation is significant because it memorializes, in each Transfer Agreement, the fundamental fraudulent representation at the center of this case that each Transferor was an original limited partner that subscribed to the Series A Fund. As the Romulus Defendants explain in their recently filed counterclaims, the term "subscribe" is a term of art in the venture capital industry:[13]

> In the parlance of venture capital, when an LP signs on to a fund as the fund is being created and set up, the LP is said to "subscribe" to the fund for a set amount. Those subscribing LPs typically sign a subscription agreement with the fund, agreeing to make certain contributions to the fund so that the fund can make investments, and entitling the LP to some part of the fund's return. The LP may sell its interests in the

---

[9] Mot. at ¶ 18.

[10] *Id*. at ¶ 6.

[11] ECF No. 62.

[12] *See* ECF No. 23-2 at 1, attached as **Exhibit "A"**. The same language is found in each of the Transfer Agreements, which also include a false representation by each Transferor in § 4.2 that "[t]he Transferor has satisfied 100 percent of its Subscription as of the Effective Time."

[13] Answer, Affirmative Defenses, Counterclaims, and Third-Party Claims of Defendants Romulus Capital Partners II, LLC and Neil Chheda [ECF No. 71] at 98, ¶ 21 (emphasis added).

> fund in a "secondary transaction" to another third-party. **That third-party is said to be "purchasing" or "acquiring" the interest the LP had (rather than "subscribing" to the fund in a new investment)**.

By representing in each Transfer Agreement that the Transferor "is a Limited Partner with a Subscription to the Partnership," the Romulus Defendants and Transferors falsely represented to Plaintiffs that the Transferor was an original limited partner in the Series A Fund that acquired its interest at the price established by the Series A valuation of EquipmentShare. Exactly as the Romulus Defendants falsely represented to Plaintiffs in the numerous communications detailed in Plaintiffs' operative complaint.

Accordingly, even *if* this Court were to grant the Motion, the First Circuit were to accept the appeal, *and* the First Circuit were to reverse this Court's denial of the Romulus Defendants' motion to dismiss Plaintiffs' federal securities fraud claims, that will not result in termination of this action. Long before that happens, Plaintiffs will have moved to amend their complaint to plead federal securities fraud claims against the Romulus Defendants that are unaffected by any reliance disclaimer in the Transfer Agreements. Plaintiffs respectfully submit that their forthcoming motion to amend should be granted considering the procedural posture of this case, the Court's Scheduling Order setting an April 29, 2024 deadline for motions to amend, and the liberal standard governing amendments under Rule 15. Therefore, even if the First Circuit were to overrule its decision in *Rogen*, Plaintiffs' federal securities fraud claims against the Romulus Defendants will survive based on the false representations in the Transfer Agreements. The Romulus Defendants' interlocutory appeal will have only delayed proceedings in this case, burdened the Court with additional work, and increased the expense incurred by all parties. The Motion should be denied. *See, e.g., Vimar Seguros Y Reaseguros, S.A.*, 1993 WL 137483, at *6.

## IV. CONCLUSION

The Romulus Defendants ask this Court to certify a question for interlocutory appeal that does not satisfy the three statutory criteria of 28 U.S.C. § 1292(b). No substantial grounds for a difference of opinion exist in light of settled First Circuit precedent. The requested interlocutory appeal will not materially advance ultimate termination of this litigation. It will, however, prolong this proceeding, increase the expense of all parties involved, and provide the Romulus Defendants with a pretext to delay discovery. The Motion should be denied.

Respectfully submitted this 5th day of April, 2024,

By: Daniel M. Rabinovitz (BBO #558419)
Alexandra M. Papas (BBO #707581)
Murphy & King P.C.
28 State Street, Suite 3101
Boston, MA 02109
(617) 226-3429
drabinovitz@murphyking.com
apapas@murphyking.com

*/s/ Daniel C. Mazanec*
Daniel C. Mazanec (admitted pro hac)
Florida Bar No.: 88737
Manuel M. Ferro (admitted pro hac)
Florida Bar No.: 1025396
PAG.LAW, PLLC
1441 Brickell Avenue, Suite 1120
Miami, FL 33131
Office Phone: 786.292.1599
dan@pag.law
manuel@pag.law

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 5th 2024.

*/s/ Daniel C. Mazanec*
DANIEL C. MAZANEC