UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REPUBLIC MAXIMAL LLC, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>ROMULUS CAPITAL PARTNERS II, LLC, et al.,<br><br>      Defendants. | Civil Action No. 1:22-cv-10429-MLW<br><br>**LEAVE TO FILE GRANTED ON 4/17/2024 (ECF No. 79)** |

### ROMULUS DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Plaintiffs' Response in Opposition ("Opp.") (ECF No. 72) to Romulus Capital Partners II, LLC and Neil Chheda's (collectively, the "Romulus Defendants") Motion to Certify Order for Interlocutory Appeal (the "Motion") (ECF No. 69) raises two arguments to oppose certification: (1) that there is no uncertainty in First Circuit precedent to support an interlocutory appeal, *see* Opp. at 5-8 (citing *Rogen v. Ilikon Corp.*, 361 F.2d 268 (1st Cir. 1966)); and (2) that an amended complaint Plaintiffs intend to file will moot the the Motion. Both premises are incorrect.

*First*, the First Circuit's decision in *Rogen* did not "squarely decide[]" the issues raised by Defendants' Motion to Dismiss. *See* Opp. at 5. In *Rogen*, unlike here, the plaintiff was an "exceedingly gullible" and "overtrusting" former employee being domineered by his employer. 361 F.2d at 267. Those key facts have led other Circuits to hold *Rogen* was inapplicable where, as here, the parties were sophisticated business enterprises. *See Harsco Corp. v. Segui*, 91 F.3d 337, 344 (2d Cir. 1996) (distinguishing *Rogen* and dismissing claims). The Second Circuit did not hold counter to *Rogen*, it found the case distinguishable in ways analogous here. *Id. Rogen* called its own conclusion a "much closer question," itself leaving open the possibility that the holding would have tipped the other way had the facts been different. 361 F.2d at 267.

And in two cases since, the First Circuit denied two claims under the *same statute* as *Rogen*, precisely because they were sophisticated parties who had in front of them written disclosures. *Jackvony v. RIHT Fin. Corp.*, 873 F.2d 411 (1st Cir. 1989); *Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798 (1st Cir. 1987). If *Rogen* had compelled the opposite result, the First Circuit would have said so. The parties may disagree as to how to read these precedents together—ample reason to certify these issues for appeal—but they are not "settled."

*Second*, Plaintiffs state they intend to amend their complaint to claim that the Transfer Agreements contain a fraud within the four corners of the contract, mooting the appellate issues. The Transfer Agreements state no such thing, and Plaintiffs are misreading (or ignoring) the plain text of the document. The basis for this new claim is that the Transfer Agreements twice refer to a capital-S "Subscription" (first Whereas clause and § 4.2). (Opp., Ex. A.) Plaintiffs say the use of the word "Subscription" is a representation "that each Transferor was an original limited partner that subscribed to the Series A Fund." (Opp. at 9.) It isn't. Because "Subscription" is not defined in the Transfer Agreement itself, it takes its definition from the Limited Partnership Agreement. (Opp., Ex. A, Recitals.) There, "Subscription" expressly to includes interests that were previously transferred, *i.e.*, *not* held by the original limited partner: "With respect to any Partner, the total amount that such Partner (and any predecessor in interest of *a Partner that acquired an interest in the Partnership in a Transfer*) . . . ." (Ex. 1, at I-5 (emphasis added).) Even in plain language, Plaintiffs' argument fails: the agreement does not say the Transferors *subscribed*, only that they possessed (whether by subscribing or later acquiring) a *subscription*.

Because the definition includes "Subscriptions" that limited partners acquired in a transfer, the Transfer Agreement does *not* represent that each Transferor was "an original limited partner," and Plaintiffs' new claim does not moot the request for certification for appeal.

2

Dated: April 17, 2024                  Respectfully submitted,

*/s/ Tucker DeVoe*
Tucker DeVoe (BBO# 693426)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
Tel.: 617-570-1000
tdevoe@goodwinlaw.com

Michael T. Jones (BBO# 661336)
HOLLAND & KNIGHT LLP
10 St. James Avenue, 11th Floor
Boston, MA 02116
T: 617.523.2700
F: 617.523.6850
M.Jones@hklaw.com

*Attorneys for Romulus Capital Partners II, LLC and Neil Chheda*

## **CERTIFICATE OF SERVICE**

      I, Tucker DeVoe, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on April 17, 2024.

                                               */s/ Tucker DeVoe*
                                               Tucker DeVoe