OUNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REPUBLIC MAXIMAL LLC, et
al.,

    Plaintiffs,

    v.

ROMULUS CAPITAL PARTNERS II,
LLC, et al.,

    Defendants.

C.A. No. 22-cv-10429-MLW

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                    August 15, 2024

I.    INTRODUCTION[1]

On February 28, 2024, the court denied the Romulus

Defendants'[2] motion to dismiss Plaintiffs'[3] claims that the Romulus

---

[1] The court presumes familiarity with the facts of this case, which are summarized in relevant part in the June 25, 2024 Memorandum and Order certifying an interlocutory appeal. Dkt. No. 91 at 1-5. Capitalized terms not otherwise defined herein have the same meaning as in the First Amended Complaint (Dkt. No. 90).

[2] The "Romulus Defendants" are defendants Romulus Capital Partners II, LLC, and Neil Chheda.

[3] "Plaintiffs" are comprised of plaintiffs Republic Maximal LLC ("Republic"), Republic Master Fund, LP ("Republic Master Fund"), EquipmentShare Growth One, LP, EquipmentShare Growth Two, LP, EquipmentShare Growth Three, LP, EquipmentShare Romulus Close Two, LP, EquipmentShare Secondary One, LP, EquipmentShare Secondary Two, LP, EquipmentShare Secondary Three, LP, EquipmentShare Secondary 2020, LP, EquipmentShare Secondary II, LP,

Defendants violated Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5, as well as Section 20(a) of the Exchange Act. See Dkt. No. 67 at 5-23 (transcript of oral decision); Dkt. No. 92 (Memorandum and Order codifying oral decision). On June 25, 2024, the court issued a Memorandum and Order allowing the Romulus Defendants' motion to certify this decision for interlocutory appeal pursuant to 28 U.S.C. §1292(b) (the "Certification Order", Dkt. No. 91). Specifically, the court authorized the Romulus Defendants to appeal its decision that Section 29(a) of the Exchange Act bars the Romulus Defendants from invoking the Transfer Agreements' non-reliance provisions to establish Plaintiffs' non-reliance as a matter of law on a motion to dismiss. See id. at 3.

The court found the standard for an interlocutory appeal satisfied in part because an immediate appeal "may materially advance the ultimate termination of the litigation." Id. at 18 (quoting 28 U.S.C. §1292(b)). Since the original Complaint only pled reliance on alleged extracontractual statements, the court observed that Plaintiffs would be unable to plead plausible federal claims if the First Circuit were to reverse this court and hold that the Romulus Defendants can invoke the non-reliance clauses to

---

EquipmentShare Secondary III, LP, EquipmentShare Qualified 2020, LP, EquipmentShare Qualified 2020 II, LP, EquipmentShare Qualified 2020 III, LP, and EquipmentShare Qualified 2020 IV, LP.

establish Plaintiffs' non-reliance as a matter of law. See id. The court further noted that if it dismissed Plaintiffs' federal claims, it would also be required to dismiss Plaintiffs' remaining state law claims for lack of supplemental jurisdiction. See id. at 19 (citing 28 U.S.C. §1367 and Wilber v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017)).

In the same Memorandum and Order, the court allowed Plaintiffs' unopposed motion to amend the complaint (Dkt. No. 81). The First Amended Complaint ("FAC", Dkt. No. 90) alleges for the first time that the Romulus Defendants made material misrepresentations within the four corners of the Transfer Agreements (i.e., alleges that the Romulus Defendants made intracontractual, in addition to extracontractual, misrepresentations). Specifically, Plaintiffs allege that the Romulus Defendants misrepresented that the Transferors[4] were original investors in the Series A Fund by representing that each of the Transferors had a "Subscription" to the Fund. See Dkt. No. 72 at 8-10; Dkt. No. 90 ¶125. In their Opposition to the Certification Motion (Dkt. No. 72), Plaintiffs argued that the court should deny the Certification Motion because even if the First Circuit held that Plaintiffs could not plead reliance on extracontractual misrepresentations, Plaintiffs could still state

---

[4] The "Transferors" are comprised of defendants Athena 2, Inc., SNC 1 LLC, and Apollo1 Inc.

3

a Section 10(b) claim by pleading reliance on misrepresentations within the Transfer Agreements. See Dkt. No. 72 at 8-10. Therefore, Plaintiffs argued, an immediate appeal was not likely to materially advance the termination of the litigation. See id.

Plaintiffs' argument was not meritorious. See Dkt. No. 91 at 19-21. The court found that the definition of "Subscription" adopted by the parties in the Transfer Agreements includes both original and subsequent investors in the Series A Fund. See id. at 20-21; see also Dkt. No. 80-1 at I-5 (Partnership Agreement defining "Subscription"). Therefore, the court held that Plaintiffs failed to plausibly allege that the Romulus Defendants made material misrepresentations within the four corners of the Transfer Agreements and stated that its decision to allow Plaintiffs' motion to amend did not affect the merits of the Certification Motion. See Dkt. No. 91 at 3, 20-21.

On July 1, 2024, the Romulus Defendants filed a "Combined Motion to Dismiss, Motion to Certify Order for Interlocutory Appeal, Request for Summary Disposition, and Memorandum of Reasons," which they characterize as a "housekeeping measure" designed to clarify the record on appeal (the "Combined Motion", Dkt. No. 93). The Romulus Defendants note that the Certification Order pertained to the original Complaint, which is now superseded by the FAC. See id. at 1-2. To ensure that the interlocutory appeal relates to the operative Complaint, the Romulus Defendants ask the

4

court to deny their motion to dismiss the FAC on the same grounds that it denied the original motion to dismiss, and to re-certify an interlocutory appeal of the non-reliance clause issue as to the FAC. See id. The Romulus Defendants "do not ask the Court to revisit any of its previous decisions." Id. at 4.

On July 15, 2024, Plaintiffs opposed the Combined Motion, disputing the Romulus Defendants' claim that it is a "mere 'housekeeping measure'" and challenging the court's reasoning in the Certification Order. See Dkt. No. 95 at 1-2. Plaintiffs argue that the court misinterpreted the meaning of "Subscription" in its Certification Order because it relied on "the incomplete definition" provided by the Romulus Defendants. See id. However, Plaintiffs no longer contend that the Transferors did not hold "Subscriptions" to the Series A Fund, as they argued in opposition to the Certification Motion. See id. at 2; Dkt. No. 72 at 19-21. Instead, Plaintiffs now assert that the Transfer Agreements misrepresent the amount that the Transferors paid for their Subscriptions. See Dkt. No. 95 at 2, 7-12. In essence, Plaintiffs are asking the court to reconsider its Certification Order based on an argument that they failed to raise in opposition to the Certification Motion. See id. at 12 ("[T]he Romulus Defendants' request for interlocutory certification provides this Court with a deserved opportunity to revisit its ruling on the Certification Motion.").

5

In a Reply memorandum (Dkt. No. 99), the Romulus Defendants argue that Plaintiffs' have not satisfied the legal standard for a motion for reconsideration, and that their latest theory of intracontractual fraud is not pled with particularity in the FAC as required by Federal Rule of Civil Procedure 9(b). See Dkt. No. 99 at 2-5. The Romulus Defendants further contend that Plaintiffs' latest theory of fraud would fail even if it were properly pled. See id. at 5-7.

As explained in this Memorandum, the court agrees that Plaintiffs have failed to justify their request for reconsideration of the Certification Order and that, in any case, the FAC does not plausibly allege that the Romulus Defendants made misrepresentations within the four corners of the Transfer Agreements.[5] Therefore, the court is denying the Romulus Defendants' motion to dismiss the FAC on the same grounds that it denied their motion to dismiss the original Complaint, see Dkt. No. 92, and certifying an interlocutory appeal of the renewed motion to dismiss for the reasons stated in the June 25, 2024 Memorandum and Order concerning certification, see Dkt. No. 91.

---

[5] The court is not deciding the merits of the Romulus Defendants' claim that Plaintiffs' theory of fraud would fail even if properly pled because the issue is not fully briefed and, in any event, may become moot or at least of diminished importance as a result of the First Circuit's decision on the issue being appealed.

II. DISCUSSION

In their opposition to both the Certification Motion and the Combined Motion, Plaintiffs have argued that the Romulus Defendants made a material misrepresentation in the following clause in the Transfer Agreements:

> WHEREAS, under the terms of the Partnership Agreement, the Transferor is a Limited Partner with a Subscription to the Partnership purchased for a total of $[X].

Dkt. No. 28, Exs. 1-15 (the "Subscription Representation"). Specifically, Plaintiffs have argued that the Subscription Representation falsely represents that the Transferors were original investors in the Series A Fund. See Dkt. No. 72 at 8-10; Dkt. No. 95 at 1-3. However, Plaintiffs now argue that the Subscription Representation is false for a different reason than they articulated in their opposition to the Certification Motion.

Plaintiffs originally argued that the Romulus Defendants misrepresented that the Transferors were original investors in the Series A Fund by stating that they held a "Subscription" to the Fund. See Dkt. No. 72 at 8-10. Citing the Romulus Defendants' counterclaims, Plaintiffs argued that the term "subscribe" only refers to original investors with limited partnership interests ("LP Interests") in a fund; subsequent investors, Plaintiffs argued, are instead said to "purchase" or "acquire" their LP Interests. See id. However, the court found this argument contradicted by the definition of "Subscription" used in the Series

7

A Fund's Limited Partnership Agreement (the "Partnership Agreement"), which was incorporated by reference into the Transfer Agreements. See Dkt. No. 28, Exs. 1-15 at 1 ("Capitalized terms not otherwise defined herein have the same meaning as in the Limited Partnership Agreement of the Partnership[.]").

In full, the Partnership Agreement defines "Subscription" as follows:

> With respect to any Partner, the total amount that such Partner (and any predecessor in interest of a Partner that acquired an interest in the Partnership in a Transfer) has agreed to contribute to the Partnership as set forth in the Partnership's books and records maintained in a manner consistent with the Subscription Agreements of the Partners. The phrase "aggregate Subscriptions of all Partners" shall mean the total of all Subscriptions of all Partners as of the time of determination.

Dkt. No. 80-1 at I-5 (emphasis added). Since this definition refers to original investors as well as "Partner[s] that acquired an interest in the Partnership in a Transfer," the court concluded that it encompasses both original and subsequent investors. See Dkt. No. 91 at 20-21. Therefore, the court held that the FAC failed to plausibly allege that the Romulus Defendants made material misrepresentations within the four corners of the Transfer Agreements. See id. at 21.

Although Plaintiffs now claim that the court misinterpreted the Partnership Agreement's definition of "Subscription," see Dkt. No. 95 at 2, they no longer contend that the Subscription Representation is false because the Transferors did not own

8

"Subscriptions" to the Series A Fund, cf. Dkt. No. 72 at 8-10. Instead, Plaintiffs argue that the Subscription Representation is false **"because it misrepresents the amount paid for the Subscription**[s] to deceive Plaintiffs about the size of the interests in the Series A Fund sold by the Transferor[s]." Dkt. No. 95 at 2 (bolding and underlining in original). Therefore, the issue is not that the court misinterpreted the definition of "Subscription," but rather that Plaintiffs now argue that the Subscription Representation is deceptive for a different reason than they previously articulated. Cf. id. at 7 n.24 (Plaintiffs stating that the Subscription Representation is misleading "even if it is literally true to represent that the Transferors are LPs 'with a Subscription to the Partnership'" (emphasis added)).

As stated earlier, the Subscription Representation states that "the Transferor is a Limited Partner with a Subscription to the Partnership **purchased for a total of $[X]**." Id. at 2 (emphasis added by Plaintiffs). In each Transfer Agreement, the Subscription Representation states how much the Transferor paid to purchase its LP Interest (or "Subscription") in the Series A Fund, rather than how much the original investor contributed to the Fund in exchange for the Subscription. See Dkt. No. 28, Exs. 1-15; Dkt. No. 95 at 8-9; Dkt. No. 99 at 5-6. Plaintiffs contend that this is misleading. They state that "the price of [a] Subscription is – and can only ever be – the amount of [the original investor's

9

capital contribution to the Series A Fund]." Dkt. No. 95 at 2 (emphasis in original). Therefore, Plaintiffs argue that the Romulus Defendants misrepresented the value of the Subscriptions by stating the prices that the Transferors paid for the Subscriptions, rather than the amounts that the original investors paid for them. See id. at 2, 7-9.

This argument is unpersuasive for two reasons. First, as noted earlier, Plaintiffs are in essence asking the court to reconsider its Certification Order based on an argument that they did not previously make. "Motions for reconsideration are not to be used as a vehicle for a party to advance arguments that could and should have been presented to the district court prior to its original ruling." Villanueva v. United States, 662 F.3d 124, 128 (1st Cir. 2011) (citing United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)). Plaintiffs could have advanced this argument when they opposed the Certification Motion, but they did not. "Reconsideration may be proper where the movant shows a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension." Id. (citing Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008)). However, Plaintiffs do not contend that the court committed a "manifest error of law" in allowing the Romulus Defendants' original Certification Motion. See id. Nor have they presented newly discovered evidence. See id. In addition, the court

10

did not misunderstand or fail to apprehend the theory of fraud that Plaintiffs advanced when they opposed the Certification Motion. See id. Therefore, Plaintiffs have not made the threshold showing required for the court to reconsider the Certification Order.

Second, even if the court were to reconsider the Certification Order, Plaintiffs' latest theory of fraud is not pled in the FAC with particularity, as required by Federal Rule of Civil Procedure 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiffs' new theory of fraud is centered around the representation in the Transfer Agreements that the Transferors each held Subscriptions **"purchased for a total of $[X]."** Dkt. No. 95 at 2 (emphasis in original). However, Plaintiffs do not quote or reference this language anywhere in the FAC. Cf. Dkt. No. 90 ¶125 (quoting part of the Subscription Representation but omitting this bolded text). Nor does the FAC quote or cite to the Partnership Agreement's definition of "Subscription." Instead, the FAC only adds allegations sufficient to support the theory of fraud advanced in Plaintiffs' opposition to the Certification Motion—namely, that it was "materially false and misleading" to represent that the Transferors held "Subscriptions" to the Series A Fund. See Dkt. No. 90 ¶¶125, 171-173, 214; cf. Dkt. No. 72 at 19-21. As discussed earlier, this

11

theory fails in view of the Partnership Agreement's definition of "Subscription." See Dkt. No. 91 at 19-21. Therefore, the FAC fails to plead with particularity facts necessary to plausibly allege that the Romulus Defendants made material misrepresentations within the four corners of the Transfer Agreements.

An interlocutory appeal of the court's determination that the non-reliance clauses do not establish Plaintiffs' non-reliance as a matter of law for the purposes of deciding the motion to dismiss remains appropriate for the reasons stated in the Certification Order. See id. at 14-21. If the First Circuit reverses this court and holds that Plaintiffs cannot plead reliance on extracontractual statements, Plaintiffs may file a second motion to amend to add allegations supporting their latest theory of intracontractual fraud, which the Romulus Defendants will likely oppose. The court will then determine whether to allow or deny the motion pursuant to Federal Rule of Civil Procedure 15(a)(2), considering whether it is "characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" Calderon-Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).

However, the court now finds it most appropriate to deny the Romulus Defendants' motion to dismiss the FAC on the same grounds as the first motion to dismiss, Dkt. No. 92, and to re-certify the

non-reliance clause issue for interlocutory appeal for the reasons stated in the Certification Order, Dkt. No. 91. The court finds that the FAC, like the original Complaint, plausibly alleges that during the negotiations surrounding the LP Interest Transactions, the Romulus Defendants repeatedly misrepresented that the price paid by the Transferors for their LP Interests was based on the Series A Offering. See Dkt. No. 92 at 9. However, these alleged misrepresentations are all extracontractual. Insofar as the request for interlocutory appeal is concerned, the issue is not whether the FAC plausibly alleges any misrepresentations, but whether it plausibly alleges misrepresentations within the four corners of the Transfer Agreements, which would not be subject to the non-reliance clauses. See Dkt. No. 91 at 18-21. Because the FAC does not plausibly allege any misrepresentations in the Transfer Agreements, an interlocutory appeal may materially advance the termination of this litigation for the reasons stated in the Certification Order. See id. at 18-19.

III. ORDER

In view of the foregoing, it is hereby ORDERED that the Romulus Defendants' "Combined Motion to Dismiss, Motion to Certify Order for Interlocutory Appeal, Request for Summary Disposition, and Memorandum of Reasons" (Dkt. No. 93) is ALLOWED in part and DENIED in part. The court is DENYING the motion to dismiss for the reasons stated at the February 28, 2024 hearing, see Dkt. No. 67

13

at 5-23, and the June 25, 2024 Memorandum and Order codifying its oral decision, see Dkt. No. 92. The court is ALLOWING the motion for interlocutory appeal for the reasons stated in its June 25, 2024 Memorandum and Order allowing the Romulus Defendants' original motion for interlocutory appeal. See Dkt. No. 91.

UNITED STATES DISTRICT JUDGE

14