```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| REPUBLIC MAXIMAL LLC, et al.,  )  )  Plaintiffs,                )  )  )  )  v.                          )     C.A. No. 22-cv-10429-MLW  )  ROMULUS CAPITAL PARTNERS II,  )  LLC, et al.,                 )  )  Defendants.              | |

MEMORANDUM AND ORDER

WOLF, D.J.                                          October 17, 2024

I.   SUMMARY

This case arises from a series of transactions brokered by defendant Romulus Capital Partners II, LLC, and its related entities (jointly, "Romulus"), through which plaintiff Republic Maximal, LLC, and its affiliates (jointly, "Republic"), purchased limited partnership interests ("LP Interests") in Romulus EquipmentShare Growth LP (the "Series A Fund"), an entity created to invest in a start-up called EquipmentShare, from three defendants (the "Transferors"). In 2022, Republic filed the first complaint in this case, alleging that Romulus induced Republic to purchase the Transferors' LP Interests in the Series A Fund by fraudulently misrepresenting that the Transferors held a far greater percentage of the Series A Fund's total LP Interests than

they actually held, causing Republic to suffer tens of millions of dollars in damages.

Romulus moved to dismiss the complaint, which alleged violations of federal and state law. The court denied Romulus' motion to dismiss the federal claims, which if granted would have required dismissal of Republic's pendent state law claims without prejudice.

Romulus subsequently filed a motion for leave to seek an interlocutory appeal of the denial of its motion to dismiss the federal claims, and Republic filed a motion to amend the complaint. The court allowed both motions, finding that the new allegations in the Amended Complaint did not affect its decision to authorize Romulus to seek an interlocutory appeal.

Republic has filed a motion to file a Second Amended Complaint, which Romulus opposes. Romulus has moved to stay proceedings in this court until the First Circuit decides whether to accept its appeal and, if it does, until the appeal is decided.

For the reasons explained below, Republic's motion to amend is being denied without prejudice and Romulus' motion to stay is being denied.

II. PROCEDURAL HISTORY[1]

On March 22, 2022, Republic filed its initial complaint, alleging violations of §10(b) and §20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), and eleven state law claims. Dkt. No. 1. On May 24, 2022, Romulus moved to dismiss, arguing, among other things, that Republic did not allege that any fraudulent representations were made in the contracts governing the LP Interest transactions, which are known as "Transfer Agreements," and that any allegedly fraudulent extracontractual representations could not be considered because of a provision in each contract disclaiming reliance on extracontractual representations. Dkt. No. 27. Republic did not move to amend its complaint to address this defense. Instead, it filed an opposition to the motion to dismiss. Dkt. No. 33.

On February 1, 2024, the court held a hearing on the motion to dismiss Republic's federal claims.

At a February 28, 2024 hearing, the court denied the motion to dismiss Republic's federal claims. Dkt. No. 67 at 5-23. The court's oral decision was converted into a June 25, 2024 Memorandum and Order memorializing and amplifying the court's reasoning. Dkt. No. 91-1. In essence, the court reasoned that the First Circuit had, in Rogen v. Ilikon Corporation, 361 F.2d 260 (1st Cir. 1967),

---

[1] The background of this case is described in greater detail in several prior Memoranda and Orders. See Dkt. Nos. 91, 92, 100.

3

rejected the contention that a defendant alleged to have committed fraud in a case involving the sale of securities can invoke a non-reliance clause to establish a plaintiff's non-reliance as a matter of law. Rogen's holding was premised on its interpretation of §29(a) of the Exchange Act, codified at 18 U.S.C. §78cc(a), which states that a contractual provision binding any person to waive compliance with any provision of the Exchange Act is void. Dkt. No. 91-1 at 14-15.

In denying the motion to dismiss, the court noted that its ruling was consistent with the Third Circuit's jurisprudence. Id. at 15, 16 (citing AES Corporation v. Dow Chemical Company, 325 F.3d 174 (3d Cir. 2003)). The court acknowledged, however, that two cases decided by the First Circuit after Rogen—Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 801, 804-05 (1st Cir. 1987), and Jackvony v. RIHT Financial Corporation, 873 F.2d 411, 416 (1st Cir. 1989)—arguably raised a question concerning the continued validity of Rogen. Id. at 15-16; June 25, 2024 Mem. And Order (Dkt. No. 91) at 7-10, 15-16.

In addition, in authorizing Romulus to seek an interlocutory appeal, the court wrote that:

> The federal courts are also split on this issue. The Romulus defendants have cited cases in which the Second, Seventh, and D.C. Circuits held, on motions to dismiss, that non-reliance clauses barred plaintiffs from plausibly alleging the essential reliance element of a Section 10(b) claim. See ATSI Communications, Inc. v. The Shaar Fund, Ltd., 493 F.3d 87, 105 (2d Cir. 2007);

4

> Cornielsen v. Infinium Capital Management, LLC, 916 F.3d 589, 597 (7th Cir. 2019); One-O-One Enters., Inc. v. Caruso, 848 F.2d 1283, 1287 (D.C. Cir. 1988). As discussed earlier, these decisions conflict with the First Circuit's decision in Rogen and the Third Circuit's decision in AES Corporation. Indeed, this court noted at the February 1, 2024 hearing that, if it were in the Second Circuit, it would likely dismiss Plaintiffs' Section 10(b) claim. See February 1, 2024 Hr'g Tr. 58:20-23.

Dkt. No. 91 at 17.

On February 29, 2024, the court entered the parties' jointly proposed Scheduling Order. Dkt. No. 62. It established an April 29, 2024 deadline for filing any motion to amend the complaint. Id. ¶ 2.

On March 22, 2024, Romulus moved to certify for interlocutory appeal the decision denying its motion to dismiss. Dkt. No. 69. On April 5, 2024, Republic opposed that request, proposing to amend its complaint to add a theory of fraud within the four corners of the Transfer Agreements, namely in the partial sentence: "the Transferor is a Limited Partner **with a Subscription in the Partnership**[.]" Dkt. No. 72 at 9 (emphasis and brackets in original). On April 17, 2024, Romulus filed a Reply arguing that this new allegation failed to state a claim. Dkt No. 80. Republic was, therefore, put on notice that its yet-to-be-filed amended complaint might be deficient if that were the only intracontractual misrepresentation alleged. Nevertheless, on April 29, 2024, Republic filed its proposed Amended Complaint, which included the

5

partial sentence quoted above as the only allegation of intracontractual fraud. Dkt. No. 81.

On June 25, 2024, the court granted Republic's motion to amend. However, consistent with Romulus' argument, the court held that the new pleading "failed to plausibly allege that Romulus made material misrepresentations within the four corners of the Transfer Agreements." Dkt. No. 91 at 21. The court, therefore, certified its prior decision denying the motion to dismiss for interlocutory appeal pursuant to 28 U.S.C. §1292(b). Dkt. No. 91.

In authorizing the interlocutory appeal, the court wrote that the non-reliance clause issue was a "difficult and pivotal question [] of law not settled by controlling authority." Id. at 15-16 (quoting Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005)). The court also found that there are grounds for substantial difference of opinion, both within the First Circuit and among the Federal Circuits, regarding the weight that courts should give contractual non-reliance clauses in §10(b) cases. Id. at 16-18.

Finally, the court held that an immediate appeal "may materially advance the ultimate termination of this litigation," id. at 18, because if this court's decision on the motion to dismiss is reversed, the federal claims will be dismissed and the pendent state law claims will have to be dismissed without prejudice to being refiled in state court pursuant to 28 U.S.C.

6

§1367 and <u>Wilber v. Curtis</u>, 872 F.3d 15, 23 (1st Cir. 2017). <u>Id.</u> at 18-19.

Romulus timely asked the First Circuit for permission to pursue an interlocutory appeal.

However, to address the foreseeable claim that the request to file an interlocutory appeal of the denial of the motion to dismiss the original complaint was moot as a result of the June 18, 2024 allowance of Republic's Motion to Amend, on July 1, 2024, Romulus filed a combined motion to dismiss the Amended Complaint and renewed motion for authorization to seek an interlocutory appeal. Dkt. No. 93. Romulus requested denial of its renewed motion to dismiss on the grounds that its original motion to dismiss was denied and authorization to seek interlocutory appeal based on the court's earlier reasoning. <u>Id.</u>

On July 15, 2024, Republic filed an opposition to Romulus' motion. <u>See</u> Dkt. No. 95. In its Opposition, Republic argued that the court had wrongfully decided that the Amended Complaint did not state a claim of intracontractual misrepresentations on which relief could be granted. In making this argument, Republic asserted a different theory of intracontractual fraud than it advanced in opposition to Romulus's first interlocutory appeal motion, claiming that the statement concerning Subscriptions "purchased for a total of [X]" in the Transfer Agreements was fraudulent. <u>See</u>

7

Dkt. No. 95. Therefore, Republic also again asked the court not to recertify an interlocutory appeal. Id.

In its Reply, Romulus noted that this new allegation of intracontractual fraud was not included in the Amended Complaint. See Dkt. No. 96-1 at 3-5. However, Republic did not move to file a Second Amended Complaint to include the new allegation.

In an August 15, 2024 Memorandum and Order, the court denied Republic's renewed motion to dismiss and allowed the renewed motion for interlocutory appeal for the reasons stated in the June 25, 2024 Memorandum and Order. Dkt. No. 100 at 13-14.

In doing so, the court found that Republic was, in effect, asking the court to reconsider its decision to authorize Romulus to seek an interlocutory appeal based on an argument that it could and should have made earlier, which was improper in the circumstances of the case. Id. at 10-11 (quoting Villanueva v. United States, 662 F.3d 124, 128 (1st Cir. 2011)). The court also found that Republic's new theory of fraud was not pled with the particularity required by Federal Rule of Civil Procedure 9(b). Id. at 11-12.

In addition, the court wrote:

> An interlocutory appeal of the court's determination that the non-reliance clauses do not establish Plaintiffs' non-reliance as a matter of law for the purposes of deciding the motion to dismiss remains appropriate for the reasons stated in the Certification Order. See id. at 14-21. If the First Circuit reverses this court and holds that Plaintiffs cannot plead

8

> reliance on extracontractual statements, Plaintiffs <u>may</u> file a second motion to amend to add allegations supporting their latest theory of intracontractual fraud, which the Romulus Defendants will likely oppose. The court will <u>then</u> determine whether to allow or deny the motion pursuant to Federal Rule of Civil Procedure 15(a)(2), considering whether it is 'characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part." <u>Calderon-Serra v. Wilmington Trust Co.</u>, 715 F.3d 14, 19 (1st Cir. 2013) (quoting <u>Palmer v. Champion Mortg.</u>, 465 F.3d 24, 30 (1st Cir. 2006)).

<u>Id.</u> at 12 (emphasis added).

The August 15, 2024 Memorandum and Order should have communicated to Republic that the court would not consider a motion to file a Second Amended Complaint until the First Circuit has acted on the request for an interlocutory appeal. Nevertheless, on August 30, 2024, Republic moved to amend again, asserting its theory of fraud based on different language in the Subscription Agreements. Dkt. No. 103.

Romulus filed an Opposition to the motion to amend, arguing, among other things, that the motion to amend is subject to Federal Rule of Civil Procedure 16's "good cause" requirement and fails to meet it or the more liberal Rule 15 standard. Dkt. No. 106 at 5-11. The Transferors moved to join Romulus' opposition. Dkt. No. 108. Romulus also moved for a stay pending appeal, <u>see</u> Dkt. No. 104, which Republic opposed, <u>see</u> Dkt. No. 107.

9

II.  ANALYSIS

The pending motions to amend and to stay proceedings in this court pending appeal are integrally related. Therefore, the court is discussing them together.

Republic's motion to file a Second Amended Complaint is in effect another request that the court reconsider and reverse its decision to certify an interlocutory appeal. The court again finds that request does not meet the requirements for reconsideration. As the court wrote in the August 15, 2024 Memorandum and Order:

> "Motions for reconsideration are not to be used as a vehicle for a party to advance arguments that could and should have been presented to the district court prior to its original ruling." Villanueva v. United States, 662 F.3d 124, 128 (1st Cir. 2011) (citing United States v. Allen, 573 F. 3d 42, 53 (1st Cir. 2009)). Plaintiffs could have advanced this argument when they opposed the Certification Motion, but they did not. 'Reconsideration may be proper where the movant shows a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension.' Id. (citing Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008)). However, Plaintiffs do not contend that the court committed a "manifest error of law" in allowing the Romulus Defendants' original Certification Motion. See id. Nor have they presented newly discovered evidence. See id. In addition, the court did not misunderstand or fail to apprehend the theory of fraud that Plaintiffs advanced when they opposed the Certification Motion. See id. Therefore, Plaintiffs have not made the threshold showing required for the court to reconsider the Certification Order.

Dkt. No. 100 at 10-11. This all remains true.

In addition, the court now realizes that in the present posture of this case Republic would, as required by Rule 16(b)(4),

10

have to demonstrate that there is good cause to modify the jointly proposed, court-ordered April 29, 2024 deadline for filing motions to amend. See Dkt. No. 62 ¶ 2; O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004). As Romulus argues, see Dkt. No. 106 at 6-12, that may be a challenging ask.

In any event, allowing Republic's motion to file a Second Amended Complaint to add new allegations of intracontractual fraud, which could and should have been included in its original Complaint and its Amended Complaint, would not serve the interests of justice because, among other things, it would delay Romulus' pursuit of an interlocutory appeal.

This case is more than two years old. If the First Circuit accepts the appeal and decides that a non-reliance clause requires dismissal of a case alleging fraud in the sale of securities based only on alleged extracontractual representations and reverses this court's ruling denying Romulus' motion to dismiss, Republic's federal claims may be dismissed and its state law claims dismissed without prejudice to being refiled in state court.

If this court's decision denying Romulus' motion to dismiss is affirmed, the law to be applied in deciding any motion for summary judgment and/or at trial will likely be clarified. This will promote the probability that the ultimate decision in this court will be legally correct and final.

Therefore, the court is denying Republic's motion to file a Second Amended Complaint without prejudice. It is also denying Romulus' motion for a stay pending appeal.

As this court has previously written:

> The Supreme Court has stated that the factors regulating the issuance of a stay pending appeal "are generally the same" for a district court and for a court of appeals. <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L.Ed.2d 724 (1987). These factors are:
>
>> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.
>
> <u>Id.</u>
>
> The first prong of this test has not been interpreted or applied literally, even by the Courts of Appeals. Rather, it has been held that:
>
>> on motions for stay pending appeal the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.
>
> <u>Ruiz v. Estelle</u>, 650 F.2d 555, 565 (5th Cir. 1981) (citing <u>Providence Journal Co. v. Federal Bureau of Investigation</u>, 595 F.2d 889, 890 (1st Cir. 1979).
>
> When the request for a stay is made to a district court, common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal. Rather, with regard to the first prong of the <u>Hilton</u> test, the movant must only establish that the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear.

Canterbury Liquors & Pantry, 999 F. Supp. 144, 149-50 (D. Mass. 1998, appeal dismissed by Sea Shore Corp. v. Sullivan, 158 F.3d 51, 59 (1st Cir. 1998); see also Nken v. Holder, 556 U.S. 418, 425-26, 434 (2009) (reciting the four factors set out in Hilton's longstanding standard).

As explained earlier, Romulus' appeal raises a serious and difficult question of law in an area in which the law is unclear. The court does not find that Romulus will be irreparably injured in the absence of a stay. Unless otherwise ordered by the First Circuit, Romulus will have to respond to requests for discovery while pursuing its appeal. Romulus evidently has the resources to conduct discovery and litigate its appeal simultaneously. If the First Circuit reverses this court's decision denying the motion to dismiss and the federal claims are dismissed, any discovery in this case will be relevant to the foreseeable litigation of the eleven pendent state law claims after they are refiled in state court.

The court also finds that Republic will not be irreparably harmed if a stay is not granted. Republic contends that it will be prejudiced if EquipmentShare has an initial public offering before this case is decided. That concern is hypothetical. The April 2024 media report on which it relies states only that EquipmentShare was "in the early stages of exploring an initial public offering"

13

and that one person said it "'may seek a first-time share sale within the next 12 to 18 months.'" Dkt. No. 107, at 7. However, "simply showing some possibility of irreparable injury" is not sufficient to justify a stay. Nken, 556 U.S. at 434-35 (citation and internal quotation omitted).

Moreover, the public interest will be served if discovery proceeds while the interlocutory appeal is pursued and, if allowed, decided. This case involves serious allegations of fraud. It is already two years old. As indicated earlier, even if the First Circuit reverses this court's denial of Romulus' motion to dismiss and the pendent state law claims must be dismissed without prejudice, discovery produced in this case will be relevant to those claims when they are foreseeably pursued in state court. It is in the interests of justice that Republic's claims of fraud be decided as soon as possible in federal or state court. Denying the motion to stay will serve that interest. In addition, it will serve the interests of justice if the First Circuit decides the issue presented in the proposed interlocutory appeal and thus clarifies the relevant law for the purpose of this case and for comparable future cases as well.

Accordingly, the court does not find that Romulus has proven a stay pending appeal is warranted.

III.   ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Republic's Motion to Amend Complaint (Dkt. No. 102) is DENIED WITHOUT PREJUDICE.

2. Romulus' Motion to Stay Pending Appeal (Dkt. No. 104) is DENIED.

3. Defendant and Counterclaim Plaintiff's Apollo 1, Inc., Athena 2, Inc., and SNC LLC's Motion to Join Romulus' Opposition to Plaintiff's Motion to Amend (Dkt. No. 108) is ALLOWED.

4. The parties shall confer and, by November 1, 2024, propose, jointly if possible but separately if necessary, a schedule for completing fact and expert discovery.

UNITED STATES DISTRICT JUDGE