```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

REPUBLIC MAXIMAL LLC, et      )
al.,                          )
                              )
     Plaintiffs,              )
                              )
                              )
     v.                       )  C.A. No. 22-cv-10429-MLW
                              )
ROMULUS CAPITAL PARTNERS II,  )
LLC, et al.,                  )
                              )
     Defendants.
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      September 4, 2025

In their Amended Motion of Gesmer Updegrove LLP for Leave to Withdraw as Counsel for Defendants Athena 2, Inc., SNC 1 LLC, and Apollo 1, Inc. (Dkt. No. 150), David McGlone and Ibrahim Salah, counsel for defendants Athena 2, Inc., SNC 1 LLC, and Apollo 1, Inc. (the "Transferors"), request leave to withdraw based on a "complete and irretrievable breakdown in [their] relationship with the Transferors." Id. at 1. Transferors' counsel report that their client belatedly "expressed his opposition." Id. at 2. Plaintiffs have filed a pending Motion to Compel Discovery from defendants Romulus Capital Partners II, LLC and Neil Chheda (the "Romulus Defendants"). Therefore, as the Transferors' counsel recognize, they may not withdraw without leave of court granted for good cause. See Local Rule 83.5.2(c)(1) & (2).

Transferors' counsel assert that their "withdrawal will not have a material adverse effect upon Transferors interest because a trial date has not been set." Dkt. No. 150 at 2. This may not be true. Two prior counsel for the Transferors have been granted leave to withdraw when successor counsel appeared. See Dkt. Nos. 126 and 138. Transferors have not now caused successor counsel to appear on their behalf. In view of their history in this case they may not be able to do so. The Transferors are corporations. They cannot be represented by an individual who is not a licensed lawyer. See In re Victor Publisher's, Inc., 545 F.2d 285, 286 (1st Cir. 1976). Therefore, the withdrawal of their current counsel may disrupt the preparation of this case for trial and/or result in a default judgment being entered against the Transferors because of their failure to obey court orders. See Fed. R. Civ. P. 16(f) and 37(b)(2).

In view of the foregoing, it is hereby ORDERED that:

1. The Transferors shall, by September 10, 2025, cause successor counsel to file an appearance on their behalf.

2. If successor counsel has not appeared, Transferors' counsel shall, by September 12, 2025, file under seal an affidavit detailing the reasons for the "irretrievable breakdown" and serve it only on Transferors.

3. Plaintiffs shall, by September 12, 2025, file an affidavit addressing the status of discovery and the implications for the progress of this case if the Motion to Withdraw is allowed.

4. A hearing on the Motion to Withdraw shall be held on September 18, 2025, at 11:30 a.m. It shall be attended by all parties, their counsel, and Vazant Chheda.

/s/ Mark P. Nay
UNITED STATES DISTRICT JUDGE