UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REPUBLIC MAXIMAL LLC, et al.    )<br>)<br>    Plaintiffs    )<br>)<br>    v.    )<br>)<br>ROMULUS CAPITAL PARTNERS II, LCC    )<br>et al.    )<br>)<br>    Defendants    ) | C.A. No. 22-cv-10429-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                October 1, 2025

    This case has been protracted in part because plaintiffs' have been unable to obtain necessary discovery from defendants Apollo1, Inc., Athena 2, Inc., and SNC1 LLC (the "Transferors") due to the withdrawal of their first two counsel who each represented that there was an irretrievable breakdown in their relationship with Dr. Vasant Chheda, who has been acting for the Transferors in this case. After third counsel for the Transferors, David McGlone and Ibrahim Salah, filed their appearance for the Transferors on May 2, 2025, the court ordered that all fact discovery be completed by September 30, 2025. See Docket No. 139.

Plaintiff served notices of Federal Rules of Civil Procedure 30(b)(6) depositions to each of the Transferors. Each notice specified 15 topics to be addressed at the deposition as required by Rule 30(b)(6). Each Transferor designated Dr. Chheda as its Rule 30(b)(6) deponent and proposed September 19, 2025 as the earliest date on which he would be available for his deposition. However, Dr. Chheda subsequently claimed that he required eye surgery, and would be unavailable to testify on September 19, 2025 or for several months thereafter.

Mr. McGlone and Mr. Salah moved to withdraw as counsel for the Transferors alleging a complete and irretrievable breakdown in their relationship with their clients. On September 4, 2025, the court scheduled a hearing on the motion to withdraw for September 18, 2025. On September 12, 2025, in a affidavit filed <u>ex parte</u> and under seal as authorized by the court, Mr. McGlone stated that Mr. Salah and he would represent Dr. Chheda at the Rule 30(b)(6) deposition on September 19, 2025, and that Dr. Chheda would assent to their withdrawal at the conclusion of it that day.

On September 15, 2025, the court issued an Order that stated in pertinent part that:

1. Vasant Chheda shall appear for his deposition on September 19, 2025 and <u>properly</u> participate in it until it is concluded that day or any other day necessary to complete it. Any failure of Mr. Chheda to do so many result in a default judgment being entered against the

2

>    Transferor defendants. See, e.g., Red Wolf Energy Trading, LLC 626 F. Supp. 3d 478, 500-508 (D. Mass 2022) (Wolf, D.J.). It may also be addressed as civil and/or criminal contempt.
>
> 2. Plaintiffs and the Transferors shall, by September 22, 2025, report, jointly if possible, but separately if necessary, on whether Mr. Chheda's disposition has been completed and inform the court of any developments that are relevant to the motion to withdraw.
>
> 3. The hearing on the motion to withdraw scheduled for September 18, 2025 shall be held instead on September 25, 2025, at 11:00 a.m.

Docket No. 153 (emphasis added). The Order also stated that Dr. Chheda's consent to the motion to withdraw would not obviate the need for a hearing on it. Id.

At the September 19, 2025 deposition Dr. Chheda testified that to prepare for it he met once with Mr. McGlone and reviewed a few documents[1]. He did not recall what those documents were. More specifically, he did not recall seeing the notices of deposition previously. He was not familiar with the list of topics about which he would be asked. Nor did Dr. Chheda speak to his son, defendant Neil Chheda, or anyone else about the deposition. Dr. Chheda said he was prepared to testify based only on what he could remember. He did not claim to have done anything to obtain any information known to or reasonably available to the Transferors as required by Rule 30(b)(6) or obtain any documents to refresh his recollection

---

[1] References to the September 19, 2025 deposition are based on the draft transcript of it and on video excerpts of it that were introduced as Exhibit 1 at the September 25, 2025 hearing.

3

on the many relevant matters he testified that he could not recall. Therefore, plaintiffs requested that Dr. Chheda be ordered to prepare properly and at another Rule 30(b)(6) deposition provide informed, responsive answers to questions relating to the 15 topics identified in the notices of deposition.

The court received evidence and heard argument on this request at the September 25, 2025 hearing. The court then tentatively found that Dr. Chheda did not testify properly as the Rule 30(b)(6) witness and, therefore, had violated paragraph 2 of the September 15, 2025 Order. The court has since received and considered the transcript of the September 19, 2025 deposition and the draft transcript of the September 25, 2025 hearing.

The court now finds that Dr. Chheda violated paragraph 2 of the September 15, 2025 by not testifying properly at the September 19, 2025 hearing. More specifically, Dr. Chheda did not obtain the information necessary to testify about the information known or reasonably available to each Transferor. He also did not, as required by Rule 30(b)(6), provide testimony on topics important in this case such as: the identity of each beneficial owner of the Limited Partnership interests sold to plaintiffs (Topic 1 in each notice of deposition); the relationship between [each Transferor] and Dhaval Lavan, including the circumstances surrounding the execution of the Transfer Agreements (Topic 2); the relationship

4

between [each transferor] and Pushpa Shah (Topic 3); and the approval and execution of each Transfer Agreement or other document executed in connection with the LP interests the Transferors acquired and sold to plaintiffs (Topic 9)[2,3]. Indeed the evidence presented at the hearing indicates that at least Pushpa Shah did not know about or authorize the use of her name and purported signature on one of Transfer Agreements, and that Dr. Chheda may have forged her signature to mask his role in the alleged fraudulent scheme.

In essence, the court's continued consideration of this matter has confirmed or its tentative September 25, 2025 oral decisions and orders. Therefore, it is hereby ORDERED that:

1. Dr. Vasant Chheda shall properly prepare and on October 6, 2025, properly testify as the Transferors' Rule 30(b)(6) deposition witness. His deposition shall, if necessary, continue from day to day until concluded. Dr. Chheda is reminded that any failure to prepare and testify properly as the Transferors' Rule 30(b)(6) witness may result in a default Judgment being entered against the Transferors

---

[2] The parts of the transcript identified by plaintiffs in their September 30, 2025 submission (Dkt. No. 177) are added evidence that Dr. Chheda did not properly prepare or properly testify as the Transferors Rule 30(b)(6) witness.

[3] Although the court heard testimony from Dr. Chheda on September 25, 2025, it has not considered it finding that he violated the September 15, 2025 Order, but relied on his testimony at the September 19, 2025 deposition alone.

and/or other sanctions, including but not limited to civil and or criminal contempt.

2. The Motion of Mr. McGlone and Mr. Salah to withdraw (Dkt. No. 150) is DENIED without prejudice.  It may be renewed after the conclusion of Dr. Chheda's deposition.

3. Dr. Chheda, as the representative of the Transferors, has violated the September 15, 2025 Order. Therefore, pursuant to Federal Rules of Civil Procedure 16(f)(2) and 37(b)(2)(C), Dr. Chheda shall pay plaintiffs reasonable attorney's fees and expenses relating to the September 19, 2025 deposition and September 25, 2025 hearing.  As orally ordered at that hearing, the parties shall attempt to agree, by October 2, 2025, on the amount of the award.  If they fail, plaintiffs, shall, by October 7, 2025, file a motion seeking such an award and Transferors shall respond by October 14, 2025.  The court reserves judgment concerning whether sanctions should be imposed on Transferors pursuant to Rule 37(b)(2)(A).

4. The parties Joint Motion to Amend Case Schedule (Docket No. 122) is ALLOWED and their proposed Amended Schedule is ADOPTED.

5. The parties shall order the transcript of the September 25, 2025 hearing on an expedited basis.

                                                /s/ Marcia L. Nay
                                      United States District Judge

7