UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REPUBLIC MAXIMAL LLC, et al.,    )
                                       )

    Plaintiffs,            )
                                       )

       v.                 )
                                     )     C.A. No. 22-cv-10429-MLW
                                     )

ROMULUS CAPITAL PARTNERS II, LLC,  )
et al.,                         )
                                     )

    Defendants.           )

MEMORANDUM AND ORDER

WOLF, D.J.                              November 7, 2025

In an October 1, 2025 Order (Dkt. No. 178) the court found that Dr. Vasant Chheda violated a September 15, 2005 Order (Dkt. No. 163) by not testifying properly as a Fed. R. Civ. P. 30(b)(6) witness for defendants Apollo, Inc., Athena II, Inc., and SNL, LLC (the "Transferors") at his September 19, 2025 deposition. Therefore, the court ordered that Chheda pay to plaintiffs Republic Maximal, LLC et al. ("Republic") their reasonable attorney's fees and expenses relating to the September 19, 2025 deposition and September 25, 2025 hearing concerning it.

The parties failed to agree on the amount of attorney's fees to be paid. Therefore, plaintiffs filed a motion seeking $52,099.05, and attorney's fees and expenses relating to the filing

of that motion. See Dkt. No. 186. The defendants opposed that request. See Dkt. No. 189 at 5.

In their opposition, Transferors objected to a requested award of $19,288.50 for time spent by Republic's counsel preparing for the September 19, 2025 deposition, and $6,185.50 for Republic's counsel's review of a seven-hour video deposition in preparation for the September 25, 2025 hearing. See Dkt. No. 189 at 2. More specifically, Transferors asserted that "the time [Republic's] counsel spent in preparing for the First Deposition was necessary and inevitable given [Republic's] decision to depose [Chheda as] the Transferors' corporate representative." Id. The Transferors devoted about a page and a half to this argument.

The Transferors also asserted that Republic's counsel had unreasonably spent 7 hours reviewing the video of the First Deposition in "purported preparation" for the September 25, 2025 hearing. Id. at 3.

For the reasons stated in the October 22, 2025 Order, the court found Transferors' arguments unpersuasive. See Dkt. No. 190. Therefore, after reducing Republic's fee request by $1,500 based on fees requested by Republic's local counsel, the court ordered Chheda to pay Republic's reasonable attorneys' fees in the amount of $50,599.05, by October 31, 2025. Id. at 4.

Chheda timely made the required payment. However, he asked that $25,474 be held in escrow pending a ruling on his forthcoming

motion for reconsideration seeking an order reducing the award by about $19,000 for fees incurred in preparation of the September 19, 2025 deposition, and about $6,000 for fees that the Transferors allege was for video review when a transcript was available. See Dkt. No. 193 (the "Motion") at 2. The Motion was filed on October 30, 2005[1], soon after Republic asked the Transferors' counsel on October 29, 2025, to confer concerning Republic's forthcoming motion for sanctions for fraud on the court.[2] Republic filed an opposition to the motion. See Dkt. No. 202.

"The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F. 3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). As this court has written:

> "Motions for reconsideration are not to be used as a vehicle for a party to advance arguments that could and should have been presented to the district court prior to its

---

[1] The motion for reconsideration was evidently filed without the conference required by Local Rule 7.1 (a)(2) and did not include the required certification that such a conference had occurred. The motion to reconsider could be denied on this basis alone.

[2] Republic's Motion for Sanctions for Fraud on the Court and supporting memorandum (Dkt. Nos. 199, 200) were filed on October 31, 2025. Among other things, Republic asserts that recent depositions and recently discovered documents demonstrate that defendants Neil and Vasant Chheda forged documents and created a fictitious purported person to mask Dr. Chheda's involvement in the alleged scheme to defraud that allegedly caused Republic $100,000,000 in damages. See Dkt. No. 200 at 2-4. The Transferors have not yet responded to this charge.

original ruling." <u>Villanueva</u> v. <u>United States</u>, 662 F. 3d 124, 128 (1st Cir. 2011) (citing <u>United States</u> v. <u>Allen</u>, 573 F. 3d 42, 53 (1st Cir. 2009)). Rather, "[r]econsideration may be proper where the movant shows a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension." <u>Id.</u> (citing <u>Ruiz Rivera</u> v. <u>Pfizer Pharm., LLC</u>, 521 F. 3d 76, 81-82 (1st Cir. 2008)).

<u>Bah</u> v. <u>Enter. Rent-A-Car Co. of Bos., LLC,</u> 560 F.Supp. 3d 366, 369 (D. Mass. 2021). Similarly, this court has also written, "Courts should not permit motions for reconsideration to be used as vehicles for pressing arguments that could have been asserted earlier or for rearguing theories that have been previously advanced and rejected." <u>O'Hara</u> v. <u>Diageo-Guinness, USA, Inc.</u>, 370 F. Supp. 3d 204, 208 (D. Mass. 2019) (citing <u>Palmer</u>, 465 F. 3d at 30.

The arguments in Transferors' motion for reconsideration concerning the award of attorney's fees for preparation for the September 19, 2025 deposition could have been made in opposition to the motion for attorney's fees. Indeed, they actually were made in slightly different words. As indicated earlier, Transferors previously argued that the time Republic's counsel spent preparing for the September 19, 2025 deposition was necessary and inevitable, and not caused by Chheda's failure to testify properly. <u>See</u> Dkt. No. 189 at 2-3. They now argue in the motion for reconsideration that the fees attributable to the time spent preparing for that deposition were not caused by Chheda's failure to testify properly.

[4]

See Dkt. No. 193 at 2-3. This is a slight variation of the argument made previously. The Transferors could have framed their original argument in the terms they now use. The fact that the Transferors' "motion for reconsideration [does] no more than reiterate the arguments [they] earlier had advanced" justifies denying the Motion. Palmer, 465 F. 3d at 30; see also Villanueva, 662 F. 3d at 128; Bah, 560 F. Supp. 3d at 369.

Moreover, the court finds that the Transferors' argument is in any event not meritorious. As Republic correctly contends, its counsel "wasted approximately $19,000 in legal fees and costs to prepare for a deposition that, due to Dr. Chheda's lack of preparation, yielded no fruitful results." Dkt. No. 202 at 5. Therefore, Chheda's misconduct caused Republic to have been obligated to pay this fee and the court's award related to the September 19, 2025 deposition within the meaning of the October 1, 2025 Order. See Dkt. No. 178 at 6, §3.

The court did not misunderstand the Transferor's earlier argument. Nor did it make a "manifest error of law" in finding it unmeritorious.

Therefore, in view of the foregoing, it is hereby ORDERED that:

1.    The Motion for Reconsideration (Dkt. No. 193) is DENIED and any funds being held in escrow shall be released to Republic.

2.  As stated in the October 1, 2025 Order, the court reserves judgment concerning whether sanctions should be imposed on Transferors pursuant to Rule 37(b)(2)(A) for Dr. Vasant Chheda's violations of the September 15, 2025 Order.

_____
UNITED STATES DISTRICT JUDGE

[6]